Per Curiam.
The facts are, that Armstrong gave his note to Thompson for a mare purchased, which afterwards he satisfied, and the latter promised to deliver up. When applied to for it, he said a certain person had got it. When sued at law, Armstrong pleaded payment and set-off, which latter defense was opposed by the application of the statute of limitation. His witness not being ready to prove the facts which could avoid the statute, he withdrew the latter defense. The proof made in this cause rendered it certain that the complainant had satisfied the note before he was sued at law; and the only opposition now made to the relief he prays, is, that the complainant * might have defended himself at law. He might indeed have done so, had his witness been present to rebut the operation of the act of limitation. It does not appear why the witness was not present. The strict rule of a court of equity, as established in England, is not a just one here, though it has been enforced here in a few instances. We must regard the circumstances of the country and the state of the practice. We must see that the same regularity in law proceedings, and the same exactness in carrying them on, cannot be attained as in England. The practitioners, many of them' young men, just entered into practice, are hurried from court to court, without books, and without the retirement which is necessary to enable them to proceed with due circumspection. If, under such circumstances, a mistake takes place, and injustice is done, and it can be perceived by the court that it is not for procrastination nor intentional, but such as has occurred without design, and without more negligence than may often happen, what shall we say ? You did not observe formalities, and therefore shall not be heard ? No. We will say you might, with all the care possible, have done better ; but we will not therefore inflict on you a disproportioned punishment. You shall "have relief, but pay all the costs, both in law and equity ; and have an injunction for all that you have already paid.
See, as ioplea of former judgment, King’s Digest, 2393 and 9686 et seq. As to mistake of counsel, Click v. Gillespie, 4 Hay. 4. But the strict rule is laid down in Kearney v. Smith, 3 Yer. 127; Lewis v. Brooks, 6 Yer. 167.